# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | |
| PHILIP NARDUCCI, | : | 88-03 |

## M E M O R A N D U M

**Stengel J.,**                                                                 November 21, 2011

This case arises out of disputed extra good time credit pursuant to 18 U.S.C. § 4162. On September 6, 2011, this court issued an Order denying Phillip Narducci's motion requesting the award of good time. Mr. Narducci now seeks reconsideration of that Order. For the reasons set forth, I will deny the motion.

## I.  Background

Phillip Narducci was indicted in 1988 in the Scarfo RICO case. A jury found Mr. Narducci guilty on November 19, 1988. In April 1989, Mr. Narducci was found guilty in a Philadelphia Court of Common Pleas of the murder of Frank D'Alphonso. He was sentenced to life in prison for his state court conviction and shortly thereafter Mr. Narducci was sentenced to 40 years imprisonment for his federal conviction. The federal sentence was set to run consecutively to Mr. Narducci's state law sentence. In 1997, Mr. Narducci successfully appealed the state court conviction and was acquitted.

In March 2009, Mr. Narducci's attorney, Ms. Anne Dixon, filed a Rule 35 Motion on behalf of Mr. Narducci raising the issues of whether time served on a vacated state sentence should be credited toward Mr. Narducci's federal sentence and whether Mr.

Narducci should be given "good time" and "extra good time" credit for time served in state custody. Mr. Narducci was given credit for time served on his vacated sentence leaving only the issue of "good time" and "extra good time."

Following this motion Ms. Dixon and Assistant United States Attorney, Dave Fritchey, entered discussions. The parties continue to disagree as to whether these communications resulted in a settlement in which Mr. Narducci would receive "good time" credit.[1] In March 2010, Mr. Narducci filed an emergency motion for specific performance of settlement agreement.[2]

On September 6, 2011, this court issued an order denying Mr. Narducci's motion to correct sentence pursuant to former Rule 35 and his motion for specific performance of settlement agreement regarding the issue of "good time" and "extra good time."[3] On

---

[1] The confusion seems to stem from the following series of emails and letters between the prison and Ms. Dixon and between Ms. Dixon and Mr. Fritchey:
    1. A July 28, 2009 letter from Ms. Dixon to the United States Bureau of Prisons referencing an agreement between Ms. Dixon and Mr. Fritchey stating Mr. Narducci agreed to cease seeking credit for time spent in state custody between his arrest and the return of the federal indictment and, in return, Mr. Narducci would be credited for the time spent in state custody including extra good time credit. The letter also stated "[t]he Court is awaiting formal notification that the settlement has been executed so that the pending motion . . . can be cleared off its calendar."
    2. An August 25, 2009 letter from Delbert Sauers, Chief of the Federal Bureau of Prisons, which states "[a]t this time, DSCC staff have not received any additional information regarding a settlement reached between Mr. Narducci and AUSA Fritchey. As such, we are awaiting confirmation from Mr. Fritchey, per your request."
    3. An August 26, 2009 email from Ms. Dixon to Mr. Fritchey stating the terms of the agreement, i.e., Mr. Narducci waives the claim he is entitled to time served prior to his federal indictment and the government agreed Mr. Narducci would be given credit for all time spent in state custody, and would receive "good time credit earned while in state custody."
    4. An August 27, 2009 email from Mr. Fritchey to Ms. Dixon authorizing Ms. Dixon to give the Bureau of Prisons his confirmation of the agreement by forwarding the email stream.
    5. A September 8, 2009 fax from Ms. Dixon to Mr. Clark sending the email confirmation.

[2] Since filing his Rule 35 motion and related pleading, Wardon Scott P. fisher has awarded Mr. Narducci a portion of earned good time requested in Mr. Narducci's motions.

[3] In the September 6th Order, I held that "the evidence presented [did] not establish the parties reached a settlement following the Rule 35 motion that would result in Mr. Narducci being awarded the credit sought." I also stated that "whether to award extra good time credit is within the discretion of the Bureau of Prisons."

September 19, 2011, Mr. Narducci filed this motion for reconsideration of the September 6th Order (Doc. #52) and the government responded (Doc. #54).

## II.     Discussion

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  A court should grant a motion for reconsideration "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677 (quoting N. River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration "is not an opportunity for a party to re-litigate already decided issues or to present previously available evidence." Broadcast Music, Inc. v. La Trattoria East, Inc., No. 95-1784, 1995 U.S. Dist. LEXIS 13578, at *2 (E.D. Pa. September 15, 1995), or "a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Johnson v. Diamond State Port Corp., 50 Fed. Appx. 554, 560 (3d Cir. 2002).  "Motions for reconsideration are rarely granted due to the strong interest in final judgments." Retail Brand Alliance, Inc. v. Rockvale Outlet Center, LP, No. 06-1857, 2007 U.S. Dist. LEXIS 22989, at *2 (E.D. Pa. Mar. 28, 2007).

In his motion for reconsideration, Mr. Narducci argues this court made an error of fact when it found the evidence did not establish that the parties reached a settlement.

3

Mr. Narducci characterizes his argument as a "factual error in the judgment," when, in reality, it is merely an effort to re-litigate the same set of facts presented in the original motions, which is emphatically not the purpose of a motion for reconsideration. See Watson v. City of Phila., No. 06-0883, 2006 U.S. Dist. LEXIS 70869, at *5 (E.D. Pa. Sept. 28, 2006) ("A motion for reconsideration is not intended to provide a losing party with a second bite at the apple.")(citing Yang v. AstraZeneca, No. 04-4626, 2005 U.S. Dist. LEXIS 18567, at *2-3 (E.D. Pa. Aug. 29, 2005)).

Mr. Narducci argues that his former counsel, Ms. Dixon, provided proof of the "agreement" between AUSA Dan Fritchey and Mr. Narducci awarding the credit sought for "good time" and "extra good time." (Doc. #52 at 2). He argues that this exchange is tantamount to a contract because Mr. Narducci relinquished multiple constitutional rights in exchange for the "promise" of this type of credit. Therefore, the "agreement" should be enforced using fundamental principles of contract law. (Doc. #52 at 5-6).

The government contends that Mr. Narducci's argument is factually wrong. (Doc. #54 at 7). It argues that there was no "meeting of the minds" concerning Mr. Narducci's "good time" because AUSA Fritchey only agreed not to dispute any "good time" Mr. Narducci might receive from the Bureau of Prisons.[4] I agree with the government. This court's finding was clear that no agreement was reached on the issue of credit for "good

---

[4] Whether to award extra good time credit is within the discretion of the Bureau of Prisons. See 28 C.F.R. § 0.96(g) (providing "[t]he Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons . . . charged with or convicted of offenses against the United States, including the taking of final action in the following-described matters: . . . Allowance, forfeiture, and restoration of all good time pursuant to 18 U.S.C. 4161, 4162, 4165, and 4166 as those sections existed before the enactment of Public Law 98–473 (applicable to offenses committed prior to November 1, 1987)").

4

time." This finding remains supported by the record. Therefore, I will deny Mr. Narducci's motion for reconsideration.

## IV. Conclusion

For the reasons set forth, I will deny Mr. Narducci's motion for reconsideration.

An appropriate order follows.